IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AMANDA CLEMENTS, KATHERINE ANGUS, RANDALL LESLIE, and CLINTON PERRY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br><br>TRANSUNION, LLC, TXU Energy Retail Company, LLC and JOHN DOES 1-25,<br><br><br>Defendant. | Civil Case Number:<br><br><br><u>CIVIL ACTION</u><br><br>CLASS COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

COMES NOW the Plaintiffs, Amanda Clements, Katherine Angus, Randall Leslie, and Perry Clinton, individually and on behalf of all others similarly situated (hereafter the "Plaintiffs"), by Counsel, Dennis McCarty, Jonathan Raburn, and Ari Marcus, and for their complaint against the Defendants, Trans Union, LLC (hereinafter "TU"), and TXU Energy Retail Company, LLC (hereinafter "TXU") alleges as follows:

**INTRODUCTION**

1. Plaintiffs brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant TU has been and is continuing to report a TXU account reporting on a TU credit report that antedate the report by more than seven years and six months, in violation of the FCRA.

2. Additionally, TU continues to report the antedated trade lines even after the Plaintiff

1

disputes the same and as such failed to properly investigate Plaintiff's dispute.

3. Furthermore, Plaintiffs allege that TU has failed to follow reasonable procedures to assure maximum possible accuracy in its reporting of antedated TXU trade lines. If TU had proper procedures in place, it would not allow antedated trade lines which list the last payment date which is over seven years and six months from the date of the reporting to remain on consumers credit reports.

4. Plaintiffs further allege that TXU has violated its duty under the FCRA to conduct reasonable and good faith investigations by failing to delete the antedated TXU trade lines after being notified of Plaintiffs dispute.

5. As a direct and proximate cause of TU's and TXU's conduct, Plaintiffs have been harmed.

6. Plaintiffs seek statutory, actual, and punitive damages for themselves and the class members, and attorneys' fees and costs.

## **JURISDICTION**

7. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Texas, and violated Plaintiffs rights under the FCRA in the state of Texas as alleged more fully below.

8. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## **PARTIES**

9. Plaintiff Amanda Clements ("Clements") is a natural person and is resident and citizen of Galveston County, the State of Texas, United States of America. Angus is

2

a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Plaintiff Katherine Angus ("Angus") is a natural person and is resident and citizen of Kaufman County, the State of Texas, United States of America. Angus is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. Plaintiff Randall Leslie ("Leslie") is a natural person and is resident and citizen of Rockwall County, the State of Texas, United States of America. Leslie is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Plaintiff Clinton Perry ("Perry") is a natural person and is resident and citizen of Rockwall County, the State of Texas, United States of America. Perry is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendant TU is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TU is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

14. TU is currently doing business in Texas and may be served through its registered agent, Prentice Hall Corporation System, 211 East 7th Street, Suit 620, Austin, Texas 78701

15. At all times pertinent hereto, Defendant TU was a "person" and "consumer reporting agency" ("CRA") as those terms are defined by 15 U.S.C. § 1681a(c).

16. Defendant TXU is a For-Profit Corporation currently doing business in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b),

who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers

17. TXU is currently doing business in Texas and may be served through its registered agent.

## FACTUAL ALLEGATIONS

### As to Katherine Angus

18. Angus incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

19. Sometime prior to April 06, 2009, Angus opened an account with TXU.

20. On or around April 06, 2009, Angus made her last payment to TXU, leaving an alleged balance of around $805.00.

21. During that time period, at a time better known by the Defendants, TXU began reporting a negative trade line on Angus's TU credit file.

22. Angus disputed the TXU trade line with TU, pursuant to the requirements of the FCRA, and requested that the TXU trade line be removed as being old and antedated.

23. Despite the last payment date being over seven years and six months from date of the reporting, a fact known to TU and TXU who listed the last payment date as April 06, 2009, TU and TXU continued to report the old and antedated trade line.

24. On or around September 14, 2016, Angus's attorney sent a dispute letter to TU, notifying TU that the TXU trade line was old and antedated, and requesting that it be removed. See **Exhibit A.**

25. Angus has not made any payments after April 06, 2009.

26. Despite that fact, on or around October 14, 2016, TU failed to conduct a reasonable investigation of Plaintiff's dispute and instead responded by sending Leslie a letter verifying the negative and derogatory TXU trade line. TU's own data shows that the "Last Payment Made" was April 06, 2009. See **Exhibit B.**

27. TU's own credit report that it sent to Angus states, "Adverse information typically remains on your credit file for up to 7 years from the date of delinquency.". See **Exhibit B at p. 3.**

### As to Randall Leslie

28. Sometime prior to March 26, 2009, Leslie opened an account with TXU.

29. On or around March 26, 2009, Leslie made her last payment to TXU, leaving an alleged balance of around $1,031.00.

30. During that time period, at a time better known by the Defendants, TXU began reporting a negative trade line on Leslie's TU credit file.

31. Leslie disputed the TXU trade line with TU, pursuant to the requirements of the FCRA, and requested that the TXU trade line be removed as being old and antedated.

32. Despite the last payment date being over seven years and six months from date of the reporting, a fact known to TU and TXU who listed the last payment date as March 26, 2009, TU and TXU continued to report the old and antedated trade line.

33. On or around December 06, 2016, Leslie's attorney sent a dispute letter to TU, notifying TU that the TXU trade line was old and antedated, and requesting that it be removed. See **Exhibit C.**

34. Leslie has not made any payments after March 26, 2009.

35. Despite that fact, on or around January 07, 2017, TU failed to conduct a reasonable investigation of Leslie's dispute and instead responded by sending Leslie a letter verifying the negative and derogatory TXU trade line. TU's own data shows that the "Last Payment Made" was March 26, 2009. See **Exhibit D.**

36. TU's own credit report that it sent to Leslie states, "Adverse information typically remains on your credit file for up to 7 years from the date of delinquency.". See **Exhibit D at p. 3.**

### As to Clinton Perry

37. Sometime prior to March 24, 2009, Perry opened an account with TXU.

38. On or around March 24, 2009, Perry made her last payment to TXU, leaving an alleged balance of around $148.00.

39. During that time period, at a time better known by the Defendants, TXU began reporting a negative trade line on Perry's TU credit file.

40. Despite the last payment date being over seven years and six months from date of the reporting, a fact known to TU and TXU who listed the last payment date as March 24, 2009, TU and TXU continued to report the old and antedated trade line.

41. On or around November 30, 2016, Perry's attorney sent a dispute letter to TU, notifying TU that the TXU trade line was old and antedated, and requesting that it be removed. See **Exhibit E.**

42. Perry has not made any payments after March 24, 2009.

43. Despite that fact, on or around December 30, 2016, TU failed to conduct a reasonable investigation of Leslie's dispute and instead responded by sending Leslie a letter verifying the negative and derogatory TXU trade line. TU's own data shows that the "Last Payment Made" was March 24, 2009. See **Exhibit F.**

6

## As to Amanda Clements

44. Sometime prior to January 18, 2009, Clements opened an account with TXU.

45. On or around January 18, 2009, Clements made her last payment to TXU, leaving an alleged balance of around $239.00.

46. During that time period, at a time better known by the Defendants, TXU began reporting a negative trade line on Perry's TU credit file.

47. Despite the last payment date being over seven years and six months from date of the reporting, a fact known to TU who listed the last payment date as January 18, 2009, TU continued to report the old and antedated trade line.

48. Clements has not made any payments after January 18, 2009.

49. TU continues to report the old and antedated trade line as of the date of this filing, even though TU knows that it is beyond the statutory limit to report this negative and derogatory account. TU's own data shows that the "Last Payment Made" was January 18, 2009. See **Exhibit G.**


## As to all Plaintiffs

50. TU did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

51. TU did not follow reasonable procedures to prevent Plaintiff's TXU account from reporting the negative credit information beyond the statutory limit.

52. TU is allowing this information to be reported beyond the statutory period of seven years and six months, even though TU should know that old dates in certain data fields should trigger deletion based on statutory limitations.

53. The credit reporting bureaus, including TU, know and understand the importance and proper use of the original delinquency date and removal of an obsolete account from a consumer's credit report. *Please see* Experian's website available at, http://www.experian.com/blogs/ask-experian/when-negative-information-will-be-removed_from-your-credit-report/, (Negative information in your credit report is removed automatically at times specified by the Fair Credit Reporting Act. Late payments remain seven years from the original delinquency date. A single late payment is deleted at seven years. If there was a series of late payments (not paid at 30 days, or 60 days, or 90 days) and then brought current, the payments would be deleted seven years from the first one missed in the series. If the account was never brought current and charged off and placed for collection, the entire account will be deleted based on the date the account became late and was never again current. This is known as the original delinquency date.).

54. Additionally, TXU did not conduct a good faith and reasonable investigation and did not delete or correct the inaccurate information, but instead verified the information to TU.

55. This account is not only inaccurate but is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895-96 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions"). The inaccurate information was furnished by TXU and is reported by TU.

56. Because of the negligent and/or willful actions of TU and TXU, Plaintiff's credit

score has been negatively affected.

57. Because of this, the plaintiff has suffered damages and future damages that have yet to be determined.

58. The old and obsolete information negatively reflects upon the Plaintiff, the Plaintiff's credit repayment history, the Plaintiff's financial responsibility as a debtor and the Plaintiff's credit worthiness, as well as lowering credit scores. The old and obsolete information was furnished by TXU and reported by TU.

59. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information reported by TU is continuing to damage the Plaintiff's credit rating.

60. At all times pertinent hereto, TXU and TU was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

61. At all times pertinent hereto, the conduct of TXU and TU, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## **CLASS ACTION ALLEGATIONS**

62. Plaintiff brings this action as a Texas class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all others similarly situated.

63. The Classes (hereinafter, "Classes") consist of:

CLASS A: All natural persons residing in the State of Texas, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, whose TU credit reports contained a TXU trade line with a date of last payment date that is more than seven years and six months from the date of the reporting.

CLASS B: All natural persons residing in the State of Texas, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, on whose behalf a dispute was made to TU on an antedated TXU trade line, after which TU and TXU continued to report the account.

64. The Class period begins two years to the filing of this Action.

65. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because Defendant handles hundreds if not thousands of antedated TXU tradelines that remain on consumers credit report, and Defendant handles hundreds if not thousands, of consumer disputes and investigations of antedated TXU trade lines, and Defendant's uniform practice and procedure to verify such trade lines;

   b) There are questions of law and fact which are common to the Classes and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether TU violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681e, 1681c, and/or 1681i.

ii. Whether TXU violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681s.

iii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iv. Whether Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

v. Whether Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication

of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h) Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

66. All preceding paragraphs are realleged.

67. This lawsuit is brought against TXU and TU because the damages on which it is based were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees:

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

(a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

## COUNT I – VIOLATION OF 15 U.S.C. §1681c(a)(4)

68. All preceding paragraphs are realleged.

69. Plaintiff alleges Count I for themselves and on behalf of the classes.

70. Section 15 U.S.C. § 1681c(a)(4) reads:

(a) Information excluded from consumer reports: Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

71. TU is currently violating 15 U.S.C. § 1681c(a)(4), by reporting old and obsolete information on the Plaintiff's credit report that is more than the statutory period allows.

72. TU's violations of the FCRA are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

73. As a result of TU's conduct, Plaintiff has suffered harm

## COUNT II – VIOLATION OF 15 U.S.C. §1681e

74. All preceding paragraphs are realleged.

75. Plaintiff alleges Count II for himself and on behalf of Class A.

76. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

77. Were TU following procedures to assure maximum possible accuracy of the credit report, TU would have ensured that trade lines that are listed as old and antedated on their reports would have been removed.

78. Information provided to TU by TXU clearly shows that the debt is past the statutory period of reporting. TU has, therefore, allowed inaccurate, old and obsolete information to be reported. If TU had followed any reasonable procedures, they would have promptly removed it when the dates past seven years. Therefore, TU failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

79. Section 1681e(a) of the FCRA requires that a credit bureau, such as TU, "maintain reasonable procedures designed to avoid violations of 1681c . . ."

80. Were TU to have maintained reasonable procedures, they would have discovered that the TXU trade line exceeds the seven years pursuant to 1681(c)(a)(4). Despite this glaring flaw in this account, TU has failed to remove it. This failure to remove is evidence that TU has failed to institute and maintain any reasonable procedures designed to avoid violations associated with 1681(c).

81. As a result of TU's conduct, Plaintiff has suffered harm.

### COUNT III – VIOLATION OF 15 U.S.C. §1681i

82. All preceding paragraphs are realleged.

83. Plaintiff alleges Count III for themselves and on behalf of Class B.

84. Section 1681i of the FCRA requires a credit reporting agency such as TU to conduct a reasonable investigation in response to any consumer dispute of information appearing on that consumer's credit report.

85. The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

   (a) Reinvestigations in case disputed information
   (1) Reinvestigation required

   > (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

   And:

   15 U.S.C. §1681i(a)(5) reads:

   (5) Treatment of Inaccurate or Unverifiable Information

   > (A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

      (i)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

      (ii)   promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

86. TU violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiffs' notice of dispute. Plaintiffs requested TU, by and through counsel to reinvestigate this issue via a detailed dispute letters.

87. The disputes were detailed, thorough and informed TU of all of the relevant information regarding the inaccuracy of the account.

88. TU did not conduct a good faith and reasonable investigation into Plaintiffs disputes.

89. TU is reporting the date of last payment beyond the statutory limit of reporting negative credit information and false and misleading on the face of the credit report.

90. Even though TU should know the information is false and misleading because they are aware of the last payment made, however, TU was notified and made aware of the specific issues from the dispute letters, sent by and through Plaintiff's attorney. It should have been easy for TU to determine that the account was extremely inaccurate with the information and documentation it was provided.

91. If TU would have properly investigated the issue they should have determined that the account was beyond the statutory limit to report on Plaintiffs' credit report.

92. TU's violations of the FCRA are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

93. As a result of TU's conduct, Plaintiffs suffered harm

16

## COUNT IV – VIOLATIONS OF §1681s-2(b)

94. All preceding paragraphs are realleged.

95. Plaintiff alleges Count III for themselves and on behalf of Class B.

96. The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

    (1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

        (A) conduct an investigation with respect to the disputed information:

        (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

        (C) report the results of the investigation to the consumer reporting agency;

        (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

        (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

            (i) modify that item of information
            (ii) delete that item of information
            (iii) permanently block the reporting of that item of information

97. Defendant TXU violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice of dispute and failing to delete or correct the inaccurate information. After receiving a dispute notice from Trans Union, Defendant did not conduct a complete, accurate or reasonable investigation into the disputed issue. TXU should have discovered that the

information they are providing to TU was not accurate.

98. TXU should know that Plaintiff's first date of delinquency on the account was beyond the statutory period to report negative credit information. TXU was put on notice of the inaccuracy and still verified the false and negative information as accurate and instructed TU to continue to report the information.

99. If TXU would have provided a good faith and reasonable investigation, they should have discovered was inaccurate.

100. The date that starts the time period to report negative credit information is the first date of delinquency.

101. As a result of TXU's conduct, Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b)  Awarding Plaintiff and the Class statutory damages;

(c)  Awarding Plaintiff and the Class actual damages;

(d)  Awarding Plaintiff reasonable attorneys' fees as well as costs and expenses;

(e)  Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: July 27, 2017

/s/Dennis McCarty
Dennis McCarty
Jonathan Raburn (PRO HAC VICE APPLICATION TO BE FILED)
McCarty & Raburn, A Consumer Law Firm, PLLC
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
P.O. Box 1448
Cedar Hill, TX 75106-1448
Telephone: 817-704-3375
Fax (817) 887-5069
Ari Marcus, Esq. (PRO HAC VICE APPLICATION TO BE FILED)
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 27, 2017

/s/Dennis McCarty
Dennis McCarty